IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE MARRERO,<br><br>            Petitioner,<br><br>    v.<br><br>MARTIN HORN, Commissioner, Pennsylvania Department of Corrections; GREGORY WHITE, Superintendent of the State Correctional Institution at Pittsburgh, and JOSEPH P. MAZURKIEWICZ, Superintendent of the State Correctional Institution at Rockview,<br><br>            Respondents. | CIVIL ACTION<br><br>No. 00 - 2155<br><br>**Honorable Donetta L. Ambrose**<br>**Chief USDJ**<br>**Electronically Filed**<br><br>**Capital Habeas Corpus** |

**PETITIONER'S UNOPPOSED MOTION TO REACTIVE**
**HABEAS CORPUS PROCEEDINGS FOR REVIEW**
**OF GUILT PHASE CLAIMS**
**AND REQUEST FOR BRIEFING SCHEDULE**

Petitioner, JOSE MARRERO, through his undersigned counsel, Federal Community Defender Office for the Eastern District of Pennsylvania, Capital Habeas Corpus Unit, hereby moves to reactivate his habeas corpus petition, and in support states the following.

**RELEVANT PROCEDURAL HISTORY**

1.  Petitioner was convicted of first degree murder and sentenced to death in the Court of Common Pleas, Erie County, Pennsylvania (Docket Nos. 645 A & B) (Honorable Shad Connelly, presiding). The Pennsylvania Supreme Court affirmed Petitioner's conviction on direct appeal. Commonwealth v. Marrero, 687 A.2d 1102 (Pa. 1996), cert denied, Marrero v. Pennsylvania, 522

1

U.S. 977 (November 10, 1997).

2.     On December 22, 1997 Petitioner filed a *pro se* petition for state post-conviction relief pursuant to the Pennsylvania Post-Conviction Relief Act, 42 Pa.C.S. § 9541 et seq.   On September 16, 1998 the Court of Common Pleas denied Petitioner's post-conviction petition.

3.     On February 22, 2000 the Pennsylvania Supreme Court denied Petitioner's post-conviction appeal.  Commonwealth v. Marrero, 748 A.2d 202 (2000).

4.     On November 6, 2000 Petitioner filed in this Court a *Petition For a Writ of Habeas Corpus* (hereafter, *Petition*).

5.     On June 20, 2002 Atkins v. Virginia, 536 U.S. 304 (2002) was decided, holding that execution of a mentally retarded person is prohibited by the Eighth Amendment.

6.     On August 15, 2002 Petitioner filed a second state post-conviction petition seeking relief under Atkins. On November 18, 2002 the Court of Common Pleas dismissed the Petition, without a hearing, on the ground that it was untimely.

7.     On November 26, 2002 this Court adopted the Report and Recommendation of Magistrate-Judge Francis X. Caizza recommending that these habeas corpus proceedings be held in abeyance pending exhaustion of the Atkins claim in the state courts (document #22).

8.     The appeal of the denial of Petitioner's Atkins-PCRA was fully submitted to the Pennsylvania Supreme Court on August 28, 2003.  On November 21, 2006 the Supreme Court remanded the case to the Court of Common Pleas for a hearing on Petitioner's claim that his mental retardation precludes his execution.  Commonwealth v. Marrero, 909 A.2d 802 (Pa. 2002) (per curiam).

## THE PROCEEDINGS ON REMAND IN THE COURT OF COMMON PLEAS

9. Since the case has been in the Court of Common Pleas Petitioner has prepared his Atkins-related proofs. Petitioner has had Mr. Marrero evaluated by a nueropsychologist, Dr. Gerald Cooke. Dr. Cooke has authored two reports finding that Mr. Marrero is a person with mental retardation (Dr. Cooke found that Mr. Marrero's IQ is 62, well within the range of mental retardation). Petitioner is prepared to present Dr. Cooke, and two other mental health professionals to opine that Petitioner is a person with mental retardation.[1]

10. The Commonwealth provided all of Petitioner's documentary exhibits and psychological and IQ testing to its expert, Michael Welner, M.D. Following Dr. Wellner's evaluation of these materials, the Commonwealth and Petitioner discussed resolution of Petitioner's capital litigation without the need for time consuming and expensive litigation. While Petitioner would be glad to see the death penalty removed as a punishment based upon a determination that he is a person with mental retardation, he has been unwilling to discontinue this habeas corpus litigation, which the Commonwealth has required as a condition for its agreement that Petitioner is entitled to Atkins relief.

## THE PARTIES' INSTANT REQUEST FOR RELIEF

11. The *Petition* contains four claims for relief that would, if granted, require a new guilt phase trial. They are: Claim B (trial competency), Claim D (counsel's ineffective failure to investigate and present a diminished capacity defense), Claim E and H (Petitioner's confessions were

---

[1] Petitioner is prepared to offer the testimony of Julie Kessel, M.D., who evaluated Mr. Marrero for his earlier post-conviction litigation and Kate Erwin, M.D. Dr. Erwin treated Mr. Marrero for several years while she was employed by the Pennsylvania Department of Corrections. She authored many of the progress notes regarding Mr. Marrero's mental health impairments that were presented to the state courts and to this Court. See *Habeas Petition*, paragraph 3, pages 1-9.

used in violation of several constitutional rights).

12. Since the resolution of these guilt phase claims stand between the parties and resolution of the Atkins claim, the parties jointly believe that it would serve the interest of justice for this Court to review and rule upon Petitioner's guilt phase claims.

13. Should the Court be inclined to grant this Motion, Petitioner would request that the penalty phase issues presented in his *Petition* not be reviewed by the Court at this time. If the Court grants Petitioner guilt phase relief, the pending Atkins claim will become moot. Should the Court deny Petitioner guilt phase relief, the parties will return to the state courts to resolve the Atkins issue. In that event, he will ask that the Court place the remaining penalty claims in suspense pending the state court's resolution of the Atkins issue.

### REQUEST FOR A BRIEFING SCHEDULE

14. Should the Court grant the instant Motion, Petitioner would request that the Court issue a briefing schedule under which Petitioner will file a brief in support of his four guilt phase claims on or before December 3, 2007 and the Commonwealth will file its responsive brief on or before January 7, 2008.

### CONCURRENCE OF COMMONWEALTH'S COUNSEL

15. Petitioner's counsel hereby certify that they have consulted with counsel for the Commonwealth (District Attorney Foulk and ADA Taylor) and that the Commonwealth consents to the relief requested herein.

WHEREFORE, Petitioner requests that the Court grant the following relief:

A. Reactivate his habeas corpus proceedings;

B. Review and rule upon his claims related to the guilt phase of his trial;

C. Defer ruling upon his penalty phase claims; and

D. Provide Petitioner until December 3, 2007 to file a brief in support of his guilt phase claims and provide the Commonwealth until January 7, 2008 to file a responsive brief.

Respectfully Submitted,

/s/ James McHugh

_____
Michael Wiseman
Shawn Nolan
James McHugh
Assistant Federal Defenders
Capital Habeas Corpus Unit
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106

Dated: October 29, 2007
          Philadelphia, PA

**Certificate of Service**

I, James McHugh, hereby certify that on this 29th day of October 2007 I served the foregoing upon the following persons by United States Mail:

Bradley H. Foulk
District Attorney
Raquel L. Taylor
Assistant District Attorney
Office of the Erie County District Attorney
Erie County Courthouse
Erie, Pennsylvania 16501

/s/ James McHugh
_____
James McHugh